UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EVANGELISTIC GODSON,

    *Plaintiff*,

v.

JOHN HOPKINS MEDICINE, *et al.*,

    *Defendants*.

Civil Action No. 23-3824 (RDM)

# ORDER

This matter is before the Court on two motions filed by Plaintiff Evangelistic Godson, proceeding *pro se*, for appointment of counsel, Dkt. 2, and for summary judgment, Dkt. 6. The Court will **DENY** both motions.

In a one sentence motion, Godson requests that the Court appoint counsel "due to [the] sensitive nature of this case." *Id.* at 1. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." The local civil rules instruct the Court to consider "the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interest of justice will be served by appointment of counsel." *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017) (citing D.D.C. L.R. 83.11(b)(3)). Here, Godson has neither demonstrated that he is unable to afford counsel nor that he is unable to retain counsel by other means. Nor has he indicated that this case is particularly complex even if it may deal with sensitive matters. And, most significantly, he has not yet shown that his claims have potential merit or that "any greater interest of justice will be served

by appointing counsel in this case than in any other *pro se* case." *Id.* Godson's motion for the appointment of counsel, Dkt. 2, accordingly, is hereby **DENIED** without prejudice.

Notwithstanding the fact that the Defendant has yet to enter an appearance in the case, Godson moves for summary judgment. The Court will deny the motion *sua sponte* as premature and noncompliant with Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The defendant has yet to file a response or answer to the Complaint; there is no factual record from which summary judgment could be determined. Godson has failed to support his motion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1). The motion is also not "accompanied by a statement of material facts as to which the moving party contends there is no genuine issue" as required by the local rules. D.D.C. LR. 7(h). Godson's motion for summary judgment, Dkt. 6, accordingly, is hereby **DENIED** without prejudice.

    **SO ORDERED**.

    /s/ Randolph D. Moss
    RANDOLPH D. MOSS
    United States District Judge

Date: February 5, 2024