## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EVANGELISTIC GODSON,

*Plaintiff*,

v.

JOHN HOPKINS MEDICINE, *et al.*,

*Defendants.*

Civil Action No. 23-3824 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Evangelistic Godson, proceeding *pro se*, brings this action for medical malpractice and assault against The Johns Hopkins Hospital (incorrectly sued as John Hopkins Medicine) and Patrick C. Walsh, M.D. (collectively, "Defendants"). Dkt. 1 at 1; *see* Dkt. 12 at 1. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for invalid service of process, Rule 12(b)(1) for failure to meet a jurisdictional requirement, Rule 12(b)(2) for lack of personal jurisdiction over Dr. Walsh, Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See generally* Dkt. 12. As explained below, Godson has yet to effect proper service. Because Godson is proceeding *pro se*, however, the Court will afford him a further opportunity to do so. The Court will, accordingly, **DENY** Defendants' motion to dismiss as premature and will require that Godson file proof of service within 45 days. If he fails to do so, the Court will dismiss the action without prejudice pursuant to Rule 4(m).

## I. BACKGROUND

Evangelistic Godson, a resident of New Jersey, asserts a series of grievances against Dr. Patrick Walsh, a urologist at the Johns Hopkins Hospital in Baltimore. *See generally* Dkt. 1.

Plaintiff visited Dr. Walsh at least twice, although he provides no date for these appointments. *Id*. at 1.  Plaintiff alleges that during his initial contact with Dr. Walsh, the doctor screamed at him, "If we are going to get along, this is what I expect!"  *Id.*  Although Dr. Walsh apologized after Godson voiced discontent, Godson "didn't hear from Dr. Walsh for an extended period of time," *id*., and had to call to inquire about his treatment.  *Id.*  When Godson returned for a follow up appointment, Dr. Walsh was "impolite, rude, and prejudice[d]," making a "snide remark" about the fact that Godson is a chaplain.  *Id.*

During that appointment, Dr. Walsh "brought a female lady into [Godson's] appointment without identifying who she was and what was her purpose."  *Id.*  Dr. Walsh asked for Godson's consent so he could examine him, which Godson gave.  *Id.*  Godson "was livid," however, when Dr. Walsh then instructed the woman "to place her finger in [Godson's] rectum to feel [his] prostate."  *Id.*  This triggered Godson to relive the trauma of a past sexual assault.  *Id.*  The experience caused Godson to "have serious health issues, weight loss, emotional withdraw[al] from people, and a devasting outlook."  *Id*.

On October 22, 2023, Godson wrote a letter complaining about how he was treated to "Director Johns Hopkins Medical Center," Dkt. 10 at 5, which Defendants acknowledge was shared with the Johns Hopkins Hospital Patient Relations Department, Dkt. 12 at 5.  On December 27, 2023, Godson filed the operative complaint against Defendants, alleging medical malpractice and disability discrimination.  Dkt. 1-1 at 1–2.  Godson also filed (1) a motion requesting the appointment of civil counsel, Dkt. 2 at 1; (2) a notice "asking [the] Court to consider this a class action matter," Dkt. 3 at 1; (3) a motion asking the Court to "direct [the] clerk's office to provide destination address for express mail delivery in future filings to ensure

timeliness," Dkt. 4 at 1; and (4) a handwritten statement self-certifying "that a copy of this action was served of Defendants via U.S. Express Mail on 12/27/23," Dkt. 5 at 1.

On January 31, 2024, Godson filed a motion for summary judgment, which described his cause of action against Dr. Walsh as a claim for lack of proper medical care due to Dr. Walsh's alleged lack of "proper cognitive skills and memory issues" and due to Dr. Walsh prescribing him the wrong medication.  Dkt. 6 at 1.  The motion also raised allegations of racial discrimination, although he does not include such a claim in his complaint.  *Compare id* at 2, *with* Dkt. 1-1.  On February 5, 2024, the Court denied both his motion for appointment of counsel and his motion for summary judgment without prejudice.  Dkt. 8.

On February 14, 2024, Godson filed a motion requesting a pre-motion conference, so he could renew his motion for summary judgment.  Dkt. 9.  The Court denied that motion as premature on February 20, 2024.  Min. Order (Feb. 20, 2024).  The Court further ordered "that, on or before March 4, 2024, Plaintiff shall file proof of service in accordance with Fed. R. Civ. P. 4."  *Id.*  Godson filed a response on March 1, 2024, Dkt. 10, which he corrected with an errata filed three days later, Dkt. 11.

On March 7, 2024, Defendants filed a motion to dismiss for invalid service of process, lack of personal jurisdiction, lack of subject matter jurisdiction, failure to state a claim under which relief can be granted, and improper venue, Dkt. 12, which is now before the Court.

## II.  LEGAL STANDARD

Although a *pro se* litigant's pleadings are held to less stringent standards than the standard applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

3

Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process.  "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provisions of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (citation omitted); *see also Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997).  Federal Rule of Civil Procedure 4(m) provides the time limits for service and the consequences of failing to provide proper service.  It states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m).

### III.  ANALYSIS

Godson has not properly served either defendant.  To serve an individual, a copy of the summons and the complaint must be delivered to them personally, left at their dwelling or place of abode, or delivered to one of their agents, *see* Fed. R. Civ. P. 4(e)(2), or the summons must be served in accordance with state law where the district court is located or where service is made, Fed. R. Civ. P. 4(e)(1).  Under D.C. law, one method of service is "by any form of mail addressed to the person to be served and requiring a signed receipt."  D.C. Code § 13-431(a).  If the defendant is a "corporation, . . . partnership or other unincorporated association," service must be effectuated in the manner for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment."  Fed. R. Civ. P. 4(h); *see also* D.C. Code § 29-104.12(c) ("Service may be made by handing a copy of the process, notice, or demand to an officer of the entity, a managing or general agent of the entity, or any other agent authorized by designation or by law

to receive service of process for the entity[.]"); D.C. Sup. Ct. Civ. R. 4(h).  The plaintiff is responsible for serving the summons and complaint, Fed. R. Civ. P. 4(c)(1), but the plaintiff—as a party to the case—may not himself serve the summons and complaint, Fed. R. Civ. P. 4(c)(2); *see also Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 354–57 (D.D.C. 2020).

In response to the Court's February 20, 2024 Minute Order directing Godson to file proof of proper service, Godson filed a response explaining that: (1) his "Initial Filing was sent via Express Mail to defendant's and signed for on December 28, 2023," (2) his "Certified Mail Motion for Summary Judgment [was] received on January 31, 2024," (3) "on March 1, 2024, he emailed all related documents sent above to Director's representative . . . Tiffany Boldin," and (4) he emailed and hand delivered these documents to the district court.  Dkt. 11 at 1.  For evaluating the present motion, only the first and third assertions are relevant.  With respect to his second assertion, there is no indication that the certified mailing of the motion for summary judgment included either the summons or the complaint.  *See* Dkt. 11 at 10–13.  With respect to his fourth assertion, delivery to the Court does not effect service on Defendants.

With respect to his first assertion, Godson has failed to carry his burden of showing that the summons and complaint were served in accordance with Federal Rule of Civil Procedure 4.  The Court notes at least four defects.  First, Godson's submission fails to identify to whom or to what address the "Initial Filing" was sent.  The signed receipt is cut off, it does not include a discernable name, and the only legible writing says "600 Wolfe."  *See* Dkt. 11 at 9.  That phrase is admittedly similar to the start of the address for the Patient Relations Department of The Johns Hopkins Hospital, *see* Dkt. 1-2 at 1 ("600 N. Wolfe St."), but without further information, the Court is unable to draw any inferences from that limited phrase.

5

Second, Godson submits no evidence that the documents were received by "an officer, a managing or general agent, or any other agent authorized" to accept service on behalf of The Johns Hopkins Hospital or by Dr. Walsh personally or an agent of Dr. Walsh.  Fed. R. Civ. P. 4(h).  To satisfy Rule 4, Godson would need to show that "the people who signed for the mailings were authorized to receive service of process, as distinct from authorized to receive mail," *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 187 (D.D.C. 2008), and he has not done so.  As The Johns Hopkins Health System's Chief Legal Counsel Deborah Parraz attests, "[t]he mailroom at The Johns Hopkins Hospital is not authorized to receive service of process of lawsuits."  Dkt. 12-4 at 3.  Parraz further attests that "The Johns Hopkins Hospital has no record of service of process in this matter to any registered agent."  *Id.* at 2.  Dr. Walsh likewise attests that he "ha[s] not been served" nor "given authority for any person to accept service of process."  Dkt. 12-3 at 3.

Third, Godson provides no evidence that both the summons and complaint were included in the mailing.  He refers only to the "Initial Filing," and he does not specify what that included. Dkt. 11 at 1.  The scanned documents included in his errata, moreover, suggest that he may have sent only the civil cover sheet, *id.* at 3–4, and the initial letter noticing his complaint, *id.* at 5–6, rather than his formal summons and complaint.

Fourth, Godson himself attempted to effect service of process through the mail.  As the Court has held, such service by a party is prohibited.  *See Johnson-Richardson*, 334 F.R.D. at 357.  For all these reasons, the Court concludes that Godson has not met his burden pursuant to Federal Rules of Civil Procedure 4 and 12(b)(5).

With respect to his fourth assertion, Godson's March 1, 2024, email did not properly effect service on either defendant in accordance with Rule 4.  Neither the federal rules nor the

D.C. rules authorize service of the summons and complaint by electronic mail. *See* Fed. R. Civ.

P. 4; D.C. Code § 13-431. The D.C. Superior Court Rules of Civil Procedure do authorize the

judges of the D.C. Superior Court to permit a plaintiff to serve a defendant using an alternative

method of service, including electronic mail, but only under limited circumstances. D.C. Super.

Ct. R. Civ. P. 4(e)(3). Godson fails to identify any general authorization from the Superior Court

relating to service of the summons and complaint by electronic mail. To the contrary, D.C.

Superior Court Rule of Civil Procedure 4(e)(3) permits a judge to issue an order authorizing

electronic service only after determining that diligent effort was made to accomplish service

through the regularly prescribed means and only after a showing that the defendant has used

email for correspondence in the past 6 months. *See* D.C. Super. Ct. R. Civ. P. 4(e)(3). No such

determination, showing, or order was made in this case. Email was, accordingly, not an

authorized method of service. Moreover, even if email service was appropriate generally,

Godson acknowledges that he personally sent the email in question, Dkt. 11 at 1, and, as a party,

he cannot personally effect service. *See Johnson-Richardson*, 334 F.R.D. at 357. His March 1,

2024, email did not, therefore, lawfully effect service pursuant to the Federal Rules of Civil

Procedure.

      The Court concludes that Godson has failed to effect service on either defendant.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court may dismiss the action without

prejudice or direct that service be effected within a specified time. "Courts often decline to

dismiss a *pro se* plaintiff's case for defective service without first affording the plaintiff the

opportunity to correct any errors he or she may have made." *Johnson-Richardson*, 334 F.R.D. at

357 (internal quotation marks and citation omitted); *see also, e.g.*, *Hilska v. Jones*, 217 F.R.D.

16, 22 (D.D.C. 2003). The Court will follow that route here and will direct Godson to effect

service within 45 days.  The Court cautions Godson, however, that failure to properly serve Defendants within that time will result in dismissal under Rule 4(m).

Given that Godson failed to effect service, the Court currently lacks personal jurisdiction over Defendants.  *See Jouanny v. Embassy of France in the U.S.*, 220 F. Supp. 3d 34, 40 (D.D.C. 2016); *Lemma v. Hisp. Nat'l Bar Ass'n*, 318 F. Supp. 3d 21, 25 (D.D.C. 2018).  The Court, accordingly, need not reach Defendants' other arguments for dismissal until service is effectuated.  *See Hilska*, 217 F.R.D. at 22 n.10 ("The court need not address defendant['s] alternative Rule 12(b)(6) motion at this time in light of the court's determination of insufficient service of process."); *Anderson v. Gates*, 20 F. Supp. 3d 114, 120 n.8 (D.D.C. 2013)("Because the Court lacks personal jurisdiction over defendants in their individual capacities under Rule 12(b)(5), it is unnecessary to resolve defendants' Rule 12(b)(2) argument[.]"), *aff'd sub nom. Anderson v. Carter*, 802 F.3d 4 (D.C. Cir. 2015).  Defendants will be free to renew their arguments should Godson properly effect service within 45 days.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, Dkt. 12, is hereby **DENIED** without prejudice.  It is further **ORDERED** that Plaintiff shall effect service on both Defendants in compliance with Federal Rule of Civil Procedure 4 and file proof of service with the Court on or before July 1, 2024.  Plaintiff is cautioned that, if he fails to do so and fails to demonstrate that

there is good cause for an extension of the time for him to effect service, the Court will dismiss this action without prejudice pursuant to Rule 4(m).

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 15, 2024