UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EVANGELISTIC GODSON,

*Plaintiff*,

v.

JOHNS HOPKINS MEDICINE, *et al.*,

*Defendants*.

Civil Action No. 23-3824 (RDM)

## MEMORANDUM OPINION

Plaintiff Evangelistic Godson, proceeding *pro se*, filed this action on December 27, 2023, against The Johns Hopkins Hospital[1] and Dr. Patrick Walsh. Dkt. 1-1 at 1. His claims arise from medical care that he received from Dr. Walsh at The Johns Hopkins Hospital located in Baltimore, Maryland. Dkt. 1 at 1 (Compl.). Plaintiff seeks a judgment of $2.5 million and asks that the Court treat his claim as "a class action." *Id.* at 1–2 (Compl.). Now before the Court are two motions to dismiss, one filed by Dr. Walsh, Dkt. 24, and another filed by Johns Hopkins, Dkt. 32. Among other defenses, both motions seek dismissal for lack of personal jurisdiction.

As explained below, the Court agrees that it lacks personal jurisdiction over both Defendants. The Court will, accordingly, **GRANT** both motions to dismiss; will **DENY**

---

[1] Defendants explained in a previous filing that "Johns Hopkins Medicine is a trade name registered in Maryland" and that they "presume[] that Plaintiff intended to sue The Johns Hopkins Hospital, as the medical care that is the subject of this Complaint took place at The Johns Hopkins Hospital in Baltimore, Maryland." Dkt. 12 at 1 n.1. The Court previously noted that "Plaintiff may amend his complaint once as a matter of course on or before March 28, 2024, to correct the misnomer and/or make other changes," *see* Dkt. 14 at 1 n.1 (citing Fed. R. Civ. P. 15), but Plaintiff has not done so.

Plaintiff's motion for a hearing, Dkt. 31, as moot; and will **DENY** Plaintiff's motions for summary judgment, Dkt. 29 & Dkt. 38.

## I.

Except under rare circumstances not applicable here, "a federal court . . . may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 430–31 (2007). Personal jurisdiction is, of course, subject to waiver. But when a defendant timely moves to dismiss for lack of personal jurisdiction, "[t]he plaintiff [bears] the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant," *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990), and, if he fails to do so, the court must dismiss the case. A plaintiff may satisfy this burden by establishing either general jurisdiction—which "extends to any and all claims brought against a defendant"—or specific jurisdiction—which requires that "[t]he plaintiff's claims . . . arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021) (internal quotation marks omitted). Here, Plaintiff has failed to satisfy either test, even accounting for the liberal pleading standard afforded *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.

The Court starts with general jurisdiction. "General jurisdiction, as its name implies, extends to 'any and all claims' brought against a defendant." *Ford Motor Co.*, 592 U.S. at 358 (citation omitted). But that broad grant of jurisdiction over claims that "need not relate to the forum State or the defendant's activity there" comes with "a correlative limit: Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Id.* (citation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the

individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," *Goodyear Dunlop Tires Operations S.A. v Brown*, 564 U.S. 915, 924 (2011), that is, the corporation's place of incorporation and its principal place of business, *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Here, Plaintiff has failed even to allege—much less to show—that either Dr. Walsh or The Johns Hopkins Hospital is "at home" in the District of Columbia. The evidence that is before the Court, moreover, supports a contrary conclusion. Dr. Walsh attests that his office is located in Baltimore, Maryland, that he lives in the State of Maryland, and that he does not practice medicine, hold a license to practice medicine, maintain an office, or own property in the District of Columbia. Dkt. 24-2 at 2 (Walsh Decl. ¶¶ 2–8). Similarly, the Deputy General Counsel for Johns Hopkins Health Systems attests that Johns Hopkins Health Systems is the parent corporation of The Johns Hopkins Hospital and that The Johns Hopkins Hospital is a Maryland corporation "with its principal place of business located" in Baltimore, Maryland. Dkt. 32-4 at 2 (Mancino Decl. ¶¶ 1–4).

Rather than dispute any of these factual assertions, Plaintiff seems to acknowledge that Defendants lack any ongoing connection to the District of Columbia, explaining that he chose to file suit here for precisely that reason. He "request[s] a jury trial of his peers in a neutral location, Washington, DC," because, according to him, "it would be impossible for this matter to suc[c]eed in the State of Maryland and Baltimore County." Dkt. 1 at 2 (Compl.).

The Court, accordingly, concludes that Plaintiff has failed to carry his burden of establishing general jurisdiction over either Dr. Walsh or The Johns Hopkins Hospital in the District of Columbia.

### III.

"Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co.*, 592 U.S. at 358. To invoke this form of personal jurisdiction, the plaintiff must show that the defendant "purposefully avail[ed]" itself of "the privilege of conducting activities in the forum State," *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), *and* that the claim at issue in the litigation arose out of the defendant's contacts with the forum, *Daimler*, 571 U.S. at 127. As with general jurisdiction, Plaintiff has failed to carry his burden of making this showing with respect to either Dr. Walsh or The Johns Hopkins Hospital.

Notably, the complaint makes clear that each of the acts relevant to Plaintiff's claim occurred in Baltimore, Maryland at The Johns Hopkins Hospital. *See* Dkt. 1 at 1 (Compl.). Indeed, Plaintiff fails to allege that *any* act or event relevant to this case took place in or affected anyone in the District of Columbia. Instead, Plaintiff assumes that personal jurisdiction exists in a foreign jurisdiction when necessary to avoid the risk of local bias: he "demand[s] jurisdiction due to the status of John[s] Hopkins in Baltimore and Dr. Walsh as a world renow[n]ed published author/physician, w[h]o feels he can trample[] on innocent men of color especially in an economically disadvantaged area where he has pra[c]ticed medicine, since [Plaintiff's] infancy and/or formative years." Dkt. 1 at 1 (Compl.). That, of course, is not how personal jurisdiction works.

The Court cautioned Plaintiff on June 24, 2024, and on July 10, 2024, that he needed to respond to Defendants' motions to dismiss and to address any grounds for dismissal included in those motions. *See* Dkt. 25; Dkt. 34. Since then, Plaintiff has made several filings in this case, but none of those filings respond to Defendants' arguments relating to personal jurisdiction or offer any additional information that might connect Defendants or Plaintiff's claims to the

4

District of Columbia. *See generally* Dkt. 30 (an "emergency declaration" that alleged that a process server had "sabotaged handling of the service," notified the Court that Plaintiff's uncle had passed away, and asked for a "thirty day reprieve" from the Court "should [Plaintiff's] appearance be required")[2]; Dkt. 31 (a "motion for hearing" that discussed communications with the clerk's office, noted that the judge has "failed to recuse himself," asked that the Court grant summary judgment to Plaintiff, and included several attached emails discussing various political matters related, in part, to the 2024 presidential election); Dkt. 35 (a "response to the order of the Court" that "express[ed] concerns of bias" because Plaintiff's earlier "emergency declaration" had "basically been ignored," disagreed with Defendants' contention that Plaintiff had not administratively exhausted his claims, noted that Plaintiff had "filed a grievance" against one of the defense attorneys in this case, interspersed discussion of this case with musings on politics and history, and included as attachments a dispute resolution complaint filed in Maryland, Plaintiff's previous filings in this case, and several emails discussing memorial services for Plaintiff's uncle); Dkt. 36 (a "status report" to let the Court know that Plaintiff would be "unavailable [the] last week in September" due to a "pending medical procedure"); Dkt. 38 (a "motion for summary judgment" and "motion for resolution of case" in which Plaintiff sought "resolution in the matter" so that he can "try to resume a normal life following this chaotic election in the United States" and noted that his complaint was put on the public docket "in [its] entirety for the world to be made aware of" but that other materials were "denied to be filed"). None of these multiple filings includes any mention of personal jurisdiction.

---

[2] The filing also asks that medical documentation attached to it be sealed. Dkt. 30 at 5. In light of that request, the Court will **DIRECT** that the Clerk of the Court place Dkt. 30 **UNDER SEAL**.

The Court, accordingly, concludes that Plaintiff has also failed to establish that this Court has specific jurisdiction over either Defendant with respect to the claims asserted in Plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** Patrick Walsh's motion to dismiss, Dkt. 24; **GRANT** Johns Hopkins' motion to dismiss, Dkt. 32; **DENY** Plaintiff's motions for summary judgment, Dkt. 29 & Dkt. 38; **DENY** as moot Plaintiff's motion for hearing, Dkt. 31; and **DISMISS** the case in its entirety without prejudice.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: December 4, 2024